**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SPECIALIZED BICYCLE COMPONENTS, INC.,

    Plaintiff,

v.

SCOTT USA, INC.,

    Defendant.

AND RELATED COUNTERCLAIMS
                              /

No. C 04-01496 JSW

**ORDER DENYING SPECIALIZED'S REQUEST TO CONTINUE HEARING ON MOTION FOR SUMMARY JUDGMENT**

Now before the Court is the request by Specialized Bicycle Components, Inc. ("Specialized") for an order enlarging time to file an opposition to the motion for summary judgment filed by Scott USA, Inc. ("Scott") and for a continuance pursuant to Federal Rule of Civil Procedure 56(f) ("Rule 56(f)"). Scott filed an opposition to Specialized's request on July 6, 2005. Having carefully considered the parties' arguments and the relevant legal authority, the Court hereby GRANTS Specialized a limited extension to July, 11, 2005 by 3:00 p.m. to file its opposition and DENIES Specialized's request to continue the hearing date pursuant to Rule 56(f).

On November 19, 2004, Scott filed its amended answer and counterclaim in the above captioned matter. In its answer, Scott alleges as an affirmative defense that United States Patent Nos. 5,509,679 and 5,678,837 are unenforceable due to misuse in licensing those patents. (Scott's Answer at p.4.) In Scott's counterclaim, it further alleges:

> Specialized in its license agreements for the Patents-at-Issue, and in communications attempting to licence and/or modify licenses for mountain bicycles using the leverage of the Patents-at-Issue, has included price limitations and minimum price restrictions for mountain bicycles and frames covered by the Patents-at-Issue. ...Specialized has licensed the Patents-at-issue with minimum price restrictions and has threatened companies in the industry to attempt to obtain minimum price requirements for mountain bicycles using the leverage of the Patents-at-Issue. ... [T]hese minimum price limitations are higher than certain prices of Specialized for its mountain bikes purported to be covered by the Patents-at-Issue. ... Specialized has engaged in price fixing and has attempted to fix prices for mountain bikes sold by third parties which are alleged to be covered by the Patents-at-Issue.

(Scott's Counterclaim, ¶15.)  Scott then asserted a counterclaim for unenforceability, alleging that the Patents-at-Issue have been misused and are unenforceable based on Specialized's attempts to establish price restrictions and limitations to create minimum prices for certain mountain bicycles.  (*Id.*)

On March 3, 2005, Scott filed its notice of motion for summary judgment based on the unenforceability of the patents-in-suit due to Specialized's alleged misuse, and set the hearing date on its motion for the next open hearing date, July 29, 2005.  In response to the Court's order regarding the timing and basis of its motion, on March 11, 2005, Scott clarified that its motion was directed to the unenforceability of the patents-at-issue for misuse based on Specialized's licensing practices.  Scott further explained:

> As set forth in Count III of Scott's Counterclaim ..., Scott has learned that Specialized has granted licenses under the patents-in-suit to many of its competitors and that these licenses contain minimum price restrictions.  Further, Scott understands that Specialized has refused to grant licenses under the patent-in-suit to parties that did not agree to accept such minimum price restrictions as a license term.  Scott seeks summary judgment that Specialized's foregoing acts constitute patent misuse, rendering the patents-in-suit unenforceable.

(Scott's Response to the Court's March 7, 2005 Order.)

On June 24, 2005, in accordance with Civil Local Rule 7-2, Scott filed its memorandum of points and authorities and evidence in support of its motion thirty-five days before the hearing date of July 29, 2005.  Specialized asserts that it did not learn of the exact nature of Scott's motion until June 24, 2005 and thus, did not have sufficient time to conduct discovery to oppose the motion.  But Specialized had notice as early as November 19, 2004 that Scott alleged the patents-at-issue were unenforceable based on Specialized's misuse in price fixing.  In early March 2003, Scott gave notice that this was the basis for its motion for summary judgment and

2

1 specifically noted that its motion was premised on Specialized's alleged setting minimum price
2 restrictions in its licences to third parties.

3 When the Scott gave notice that hearing on its motion would be July 29, 2005,
4 Specialized should have known that according to the local rules for the Northern District of
5 California, Scott's memorandum in support of its motion would not be due until June 24, 2005
6 and that Specialized's opposition would be due July 8, 2005.  Thus, Specialized had more than
7 sufficient notice of the basis and the timing of the motion to conduct discovery and prepare its
8 opposition.  Despite having months of advance notice, Specialized has not demonstrated that it
9 exerted any efforts, let alone diligent efforts, in conducting discovery on these alleged licencing
10 practices, including which specific licensees Scott contended were involved.

11 Moreover, in its request for a continuance pursuant to Rule 56(f), Specialized fails to
12 provide sufficient information as to the specific facts it expects from the proposed discovery.
13 Specialized merely avers that it needs to obtain the declaration of its Chief Executive Officer,
14 Mike Sinyard, who is currently out of the country, "to rebut Scott's assertion that Specialized
15 has engaged in price fixing," and that it wants to contact its licensees identified in Scott's
16 motion.  Specialized states it "believes that at least some of them may provide relevant
17 information rebutting Scott's claim of price fixing." (Specialized's *Ex Parte* Application at
18 p.2.)  "Rule 56(f) requires affidavits setting forth the particular facts expected from the movant's
19 discovery,... and specifying how [those facts] would preclude summary judgment." *In re Silicon
20 Graphics Inc. Securities Litigation*, 183 F.3d 970, 989 (9th Cir. 1999) (internal cites and
21 quotations omitted).  Specialized failed to provide any specific facts it hopes to obtain from
22 discovery or how such facts would preclude summary judgment.

23 Finally, the Court notes that Scott demonstrates that it would be prejudiced by delaying
24 the hearing on its motion, a hearing that was set more than four months ago.  For the foregoing
25 reasons, the Court DENIES Specialized's request pursuant to Rule 56(f) to continue the hearing
26 date.  The Court GRANTS Specialized a limited extension to file its opposition to Scott's
27 motion, and GRANTS Scott an equivalent extension to file its reply.  Specialized shall file its
28

3

1  opposition by no later than 3:00 p.m. on July 11, 2005. Scott shall file its reply by no later than
2  3:00 p.m. on July 18, 2005.
3  **IT IS SO ORDERED.**

5  Dated: July 7, 2005                                                        /s/ Jeffrey S. White
                                                                              JEFFREY S. WHITE
6                                                                             UNITED STATES DISTRICT JUDGE