IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECIALIZED BICYCLE COMPONENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT USA, INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | No. C 04-01496 JSW <br><br> **ORDER DENYING SCOTT'S MOTION FOR SUMMARY JUDGMENT** |

Now before the Court is the motion for summary judgment by Scott USA, Inc. ("Scott"). Having carefully considered the parties' arguments and the relevant legal authority, the Court hereby DENIES Scott's motion for summary judgment.

**BACKGROUND**

Specialized Bicycle Components, Inc. ("Specialized") sues Scott for infringement of its patents, United States Patent Nos. 5,509,679 and 5,678,837, which relate to a four-bar rear wheel suspension system for bicycles. Scott contends that Specialized should be precluded from enforcing these patents based on Specialized's alleged misuse of the patents. According to Scott, Specialized licenses these patents to other companies and in these licenses, sets a minimum price by which the other companies may sell bicycles manufactured under the patents. (Br. at 1-2.)

Specialized disputes that it ever required its licensees to sell bicycles at certain prices. According to its founder and Chief Executive Officer, Mike Sinyard, Specialized "never requires purchasers to sell bicycles at or above any particular price." (Declaration of Mike Sinyard, ¶ 6.) Moreover, Specialized submits evidence demonstrating it was aware that its licensees have routinely sold bicycles at prices lower than those listed in the license agreements, but has never enforced a minimum price requirement. (*Id*., ¶¶ 20, 22.) Several of Specialized's licensees confirm that they have routinely sold bicycles and frames covered by the licences at prices lower than those listed in the licenses, and that Specialized has never required them to raise the retail price of any licensed product. (Declaration of David R. Turner, ¶¶ 6-8; Declaration of Frank Kashare, ¶¶ 6-8; Declaration of Jeff Steber, ¶¶ 6-8; Declaration of Keven M. Kenney, ¶¶ 6-8.)

Additionally, Specialized recently contacted all of its active licensees to confirm that it considered any "retail price" listed in a license to be merely a suggested retail price and that Specialized would not enforce any provision requiring a licensee to sell bicycles at a certain price. (Sinyard Decl., ¶¶ 25-26, Exs. 7-9.)

## ANALYSIS

**A.     Legal Standard.**

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine

issue of material fact. *Id.* at 323. Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

### B.  Scott's Motion for Summary Judgment.

Scott moves for summary judgment against Specialized's infringement action based on Specialized's alleged misuse in setting prices at which its licenses may sell the patented bicycles. "[P]atent misuse is an affirmative defense to a suit for patent infringement." *Windsurfing Intern. Inc. v. AMF, Inc.*, 782 F.2d 995, 1001 (Fed. Cir. 1986). To demonstrate misuse, the alleged infringer must "show that the patentee has impermissibly broadened the 'physical or temporal scope' of the patent grant with anticompetitive effect." *Id*. Scott argues that setting prices in license agreements is a violation of the antitrust laws, and thus, bars Specialized from enforcing its patents.

In opposition, Specialized submits evidence demonstrating that it never required its licensees to sell bicycles at certain prices. (Sinyard Decl., ¶¶ 6, 20, 22; Turner Decl., ¶¶ 6-8; Kashare Decl., ¶¶ 6-8; Steber Decl., ¶¶ 6-8; Kenney Decl., ¶¶ 6-8.) Scott attempts to demonstrate that Specialized's evidence is not accurate or credible, but the Court may not weigh the evidence or make any credibility determinations on a motion for summary judgment. *See Freeman*, 125 F.3d at 735. At this procedural stage, the Court must assume the truth of the evidence set forth by Specialized. *See T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987); *see also Eastman Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 456 (1992) (nonmovant's evidence on a motion for summary judgment "is to be believed, and all justifiable inferences are to be drawn in [its] favor").

3

Accordingly, Specialized's evidence creates a genuine issue of material fact which precludes summary judgment on whether Specialized misused the patents at issue.

## CONCLUSION

For the foregoing reasons, the Court DENIES Scott's motion for summary judgment.

**IT IS SO ORDERED.**

Dated: July 29, 2005                       /s/ Jeffrey S. White
                                           JEFFREY S. WHITE
                                           UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California